PER CURIAM:
This claim was brought for rehearing upon the issue of responsibility for maintenance of an undefined roadway situate in Boone County. The original action was brought to recover the amount of $525.00 expended by claimant for gravel applied to Harold Road on or about July 17, 1989. The prior decision of the Court issued October 15, 1990, held that Harold Road was not within the State Highway System, and no requisite duty was owed by the State to maintain this road. Upon rehearing, the prior decision is affirmed.
It appears from the documents submitted to the Court that an Order was entered by the Boone County Circuit Court on April 26, 1972, wherein the respondent obtained a construction easement for the construction of Corridor G. Claimant contends this Order brought *174 Harold Road into the State system and obligated respondent to maintain the road. A second Order entered May 15,1 990, by the Commissioner of the Division of Highways specifically provides for the addition of the road in question into the “State Local Service System.”
The respondent is not responsible for maintaining a road unless it is a part of the State road system as defined by §17-4-2 of the W. Va. Code as follows:
The following meanings shall be ascribed to roads comprising the state road system:
(a) “Expressway”-Services major intrastate travel, including federal interstate routes.
(b) “Truckline”-Serves major city to city travel.
(c) “Feeder”-Serves community to community travel or collects and feeds traffic to the higher systems or both.
(d) “State local service”-Localized arterial and spur roads which provide land access and socioeconomic benefits to abutting properties.
(e) “Parks and forest”-Serves travel within state parks, state forests and public hunting and fishing areas. (1967, c. 175; 1972, c. 101)
The 1972 Order that was referenced by claimant was a construction easement only. This Order did not bring Harold Road into the state system for maintenance purposes. Harold Road, although within the State’s right of way, was similar to many private access roads in West Virginia which traverse right of way areas in order to access public roads.
In accordance with above, the Court is of the opinion to and does reaffirm its previous Opinion.
Claim disallowed.